UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 2:08-cr-20221
HON. GEORGE CARAM STEEH

KIRKLAND DUDLEY,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF RESTITUTION ORDER

On February 19, 2009, defendant, Kirkland Dudley, was convicted by a jury on both counts of an indictment for violating 18 U.S.C. §1343, specifically, wire fraud. On September 24, 2009, the court sentenced defendant to thirty-six (36) months on count one, concurrent with thirty-six (36) months on count two, ordered to pay a special assessment of $200.00 and restitution in the amount of $530,000.00, due immediately. The court found that defendant does not have the ability to pay interest and waived interest on any outstanding restitution, and required defendant to participate in the Inmate Financial Responsibility Program. Presently before the court is defendant's motion for modification of restitution order.

The Mandatory Victims Restitution Act of 1996, 18 U.S.C. §§ 3663A-3664 (MVRA) provides in pertinent part:

Notwithstanding any other provision of law, when sentencing a defendant

convicted of an offense described in subsection (c),[1] the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense, or if the victim is deceased, to the victim's estate.

18 U.S.C. § 3663A; see also, United States v. Davis, 306 F.3d 398, 424-25 (6th Cir. 2002) ("Under the MVRA, restitution is mandatory–regardless of a defendant's financial situation–when a defendant is convicted of a crime of violence, an offense against property, or an offense related to tampering with consumer products.").

Under 18 U.S.C. § 3664(k), the defendant may notify the court of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Id. Defendant has the burden of establishing by a preponderance of the evidence his financial resources and the financial needs of the his dependents. See 18 U.S.C. § 3664(e).

In the present motion, defendant describes a variety of medical conditions that preclude him from working in the Inmate Financial Responsibility Program while incarcerated. He requests a suspension of his restitution payments while he serves his sentence of imprisonment. Defendant's request is moot. A review of the Federal Bureau of Prisons website indicates that defendant was released from custody on May 9, 2012. See http://www.bop.gov/iloc2/LocateInmate.jsp. However, even if defendant was still in

---

[1] Defendant's offense–wire fraud–is the kind of offense designated in 18 U.S.C. § 3663A(c) (the Act covers "an offense against property . . .[,] including any offense committed by fraud or deceit . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.")

the custody of the Bureau of Prisons, the court would conclude that defendant has failed to demonstrate by a preponderance of the evidence that his economic circumstances warrant a modification of his restitution order. Defendant attaches two medical duty status records to his motion. See Def.'s Mot., Exs. C and D. A medical duty status report dated December 7, 2009 indicates that defendant is "off work on convalescence due to cellulitis. May return to work in one week 12/14/09." Id., Ex. C. A medical duty status report dated July 29, 2010 indicates that defendant "has medical condition that does not allow him to lift arms beyond 45 degrees." Id., Ex. D. The July 29, 2010 report further indicates that defendant was placed on medical convalescence for one month beginning January 13, 2010, with clearance to return to work on February 15, 2010. Id. Thus, it appears that at times during his incarceration defendant's ailments prevented him from working, however the medical personnel never indicated that defendant is completely unable to engage in work. Thus, the court could not conclude that the interests of justice would be furthered by a modification of this court's original restitution order.

The restitution is due and owing and it shall be paid. Defendant's restitution payment schedule will be directed by the court upon recommendation of the probation department.

Accordingly,

Defendant's motion for modification of restitution order is DENIED.

Dated: May 31, 2012

                                                      S/George Caram Steeh
                                                      GEORGE CARAM STEEH
                                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 31, 2012, by electronic and/or ordinary mail and also to Kirkland Dudley at 19184 Bretton Drive, Detroit, MI 48223.
S/Josephine Chaffee
Deputy Clerk